JUDICIAL WATCH, INC., Appellant,

v.

DEUTSCHE BANK, A.G.,
et al., Appellees.

No. 00–5187.

United States Court of Appeals,
District of Columbia Circuit.

May 20, 2001.

Before EDWARDS, Chief Judge,
HENDERSON and RANDOLPH, Circuit
Judges.

*JUDGMENT*

PER CURIAM.

This cause came to be heard on the
record on appeal from the United States
District Court for the District of Columbia,
and was briefed and argued by counsel.
While the issues presented occasion no
need for a published opinion, they have
been accorded full consideration by the
Court. *See* D.C.Cir. R. 36(b). On consid-
eration thereof, it is

ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this case is hereby affirmed.

■ Because former President and Mrs. Clinton obtained financing from a different bank, appellant's request for injunctive relief against appellees Deutsche Bank and Bankers Trust is moot. Appellant's request for damages for reputational injury stemming from mere approval of the loan is not. Though the District Court dismissed both on mootness grounds, this court "can affirm [the] district court judgment on the basis of 'any grounds which ... support [it].'" *In re Swine Flu Immunization Prods. Liab. Litig.*, 880 F.2d 1439, 1444 (D.C.Cir.1989) (quoting *Dayton Bd. of Educ. v. Brinkman*, 433 U.S. 406, 419, 97 S.Ct. 2766, 53 L.Ed.2d 851 (1977)); *see also SEC v. Chenery Corp.*, 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943) ("[I]n reviewing the decision of a lower court, it must be affirmed if the result is correct 'although the lower court relied upon a wrong ground or gave a wrong reason.'").

A shareholder bringing a derivative action in federal court must "allege *with particularity* the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors ... and the reasons for the plaintiff's failure to obtain the action or for not making the effort." FED. R. CIV. P. 23.1 (emphasis added). The letter referenced in the complaint never demanded that appellees' Boards of Directors bring an action for damages against the unnamed third parties for reputational injury stemming from mere approval of the loan. It merely requested the Boards to rescind the already-approved loan, which they eventually did.

■ Whether demand to bring suit will be excused is a substantive matter governed by applicable state law. *See Ka-*

*men v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 96–97, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991). We assume, as appellant contends, that New York law applies. Under New York law, demand will be excused as futile if appellant's complaint alleges with particularity that: "(1) a majority of the directors are interested in the transaction, or (2) the directors failed to inform themselves to a degree reasonably necessary about the transaction, or (3) the directors failed to exercise their business judgment in approving the transaction." *Marx v. Akers*, 88 N.Y.2d 189, 198, 644 N.Y.S.2d 121, 666 N.E.2d 1034 (N.Y.1996). Appellant's complaint fails to allege any of the three with requisite particularity; therefore, the complaint must be dismissed for failure to state a cause of action. *Cf. Barr v. Wackman*, 36 N.Y.2d 371, 379, 368 N.Y.S.2d 497, 329 N.E.2d 180 (N.Y.1975) ("It is not sufficient, however, merely to name a majority of the directors as parties defendant with conclusory allegations of wrongdoing or control by wrongdoers."). Because we dismiss the damages actions as to the breach of fiduciary duty and negligence claims, dismissal of the civil conspiracy count necessarily follows. We therefore affirm the judgment of the District Court. It is

FURTHER ORDERED, by this Court, *sua sponte*, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* D.C.Cir. R. 41(a)(1). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.